FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

'06 MAR 13 AM 11:49

CLERK _____
SO. DIST. OF GA.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF GEORGIA

### AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIAM H. LUMPKIN, | ) | |
| Petitioner, | ) | |
| v. | ) | CV 104-196 |
| STEPHEN UPTON, Warden, | ) | |
| Respondent. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the magistrate judge's Report and Recommendation, to which objections have been filed. While the Court finds that all of petitioner's objections lack merit, some discussion is warranted for two of the objections.

First, petitioner asserts that the magistrate judge erroneously observed that the state habeas court concluded that "petitioner's [trial] counsel performed reasonably under the circumstances." R&R at 13. According to petitioner, the state habeas court made no such finding. Review of the state habeas court's decision reveals that the court applied the Supreme Court standard for establishing whether an asserted conflict of interest has adversely affected a defense counsel's performance, as established in Cuyler v. Sullivan, 446 U.S. 335, 350 (1980), and clarified in Mickens v. Taylor, 535 U.S. 162 (2002). Resp. Ex.,

Final Order at 9. The court then examined the performance of petitioner's trial counsel in light of Sullivan. Id. at 9-11. The court, in concluding that petitioner's "claim of conflict does not even state a prima facie claim for relief under the Sixth Amendment, much less taint any subsequent advice Petitioner received about entering the agreement," indeed did find trial counsel's performance adequate under the circumstances. The state habeas court's decision is neither contrary to, nor an unreasonable application of, prevailing Supreme Court precedent.[1]

Second, petitioner claims that the magistrate judge applied the rules in Sullivan and Mickens to conclude that "the sixth amendment right to counsel can't be offended unless a conflicted attorney is representing at least two criminal defendants whose interests diverge . . . ." Pet. Obj. at 14. Petitioner distorts the magistrate judge's analysis. As the Report and Recommendation explains, the Court in Mickens clarifies "that Sullivan and its progeny only relieve a petitioner of showing prejudice [under the Strickland v. Washington, 466 U.S. 668, 687 (1984), standard] where counsel 'actively represents' conflicting interests, such as when counsel represents jointly charged defendants at the same time." R&R at 13. Neither the state habeas court nor the magistrate judge held that Sullivan applies *only* when counsel represents jointly charged defendants. Even if a Sullivan "actual conflict" is not found, a

---

[1] See Williams v. Taylor, 529 U.S. 362, 404 (2000) (setting forth appropriate standard of review for cases filed under Title 28, United States Code, Section 2254). Petitioner also asserts that the state habeas court's failure to mention the Supreme Court case establishing the standard for ineffective assistance of counsel, Strickland v. Washington, 466 U.S. 668, 687 (1984), warrants reversal. While the state court does not cite Strickland in its decision, it does apply Sullivan and Mickens, which extended the ineffective assistance of counsel standard to conflict of interest claims. Thus, the state habeas court's decision was not made contrary to established Supreme Court precedent.

2

petitioner may satisfy the prejudice prong of <u>Strickland</u> and thus obtain relief by establishing "that the conflict of interest adversely affected his counsel's performance." R&R at 13 (citing <u>Mickens</u>). The state habeas court and the magistrate judge properly stated and applied the rules in <u>Sullivan</u> and <u>Mickens</u>.

For these reasons, the Report and Recommendation of the magistrate judge is **ADOPTED** as the opinion of the Court. The Section 2254 petition is **DISMISSED** and this civil action is **CLOSED**.

SO ORDERED this 13th day of ~~January~~ March, 2006.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3